1    **Marquis Aurbach Coffing**                          E-Filed: <u>February 26, 2013</u>
     Phillip S. Aurbach, Esq.
2    Nevada Bar No. 1501
     Jessica M. Goodey, Esq.
3    Nevada Bar No. 11973
     10001 Park Run Drive
4    Las Vegas, Nevada 89145
     Telephone: (702) 382-0711
5    Facsimile: (702) 382-5816
     paurbach@maclaw.com
6    jgoodey@maclaw.com
        Attorneys for Chapter 7 Bankruptcy
7       Trustee, David A. Rosenberg

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **FOR THE DISTRICT OF NEVADA**

10   In Re:                                    Case No.:      BK-S-09-31603-MKN
                                               Chapter:       7
11   WILLIAM GAYLER,

12                        Debtor.

13   _____

14   DAVID A. ROSENBERG, Chapter 7 Trustee,   Adversary Proceeding No. 11-01410-MKN

15                        Plaintiff,

16              v.

17   23 GOLDEN SUNRAY, L.L.C.; ALTRA VIDA,    **TRUSTEE'S MOTION FOR PARTIAL**
     L.L.C.; APAN WINE, LIMITED LIABILITY     <u>**SUMMARY JUDGMENT OF CLAIM**</u>
18   COMPANY; AXIOS-TC, LIMITED               <u>**FOR RELIEF NO. 18**</u>
     LIABILITY COMPANY; BYRON LEBOW, as
19   Trustee of THE BYRON LEBOW
     REVOCABLE FAMILY TRUST; CH.
20   ANGELUS LLC; CH. ANGELUS II LLC; CH.
     ANGELUS III, LIMITED LIABILITY
21   COMPANY; CH. PICHON I, LLC; DOMINUS
     M-B, L.L.C.; EDWARD BROWN; GROTH         Hearing Date:  April 22, 2013
22   LIMITED LIABILITY COMPANY; HARLAN,       Hearing Time:  1:30 p.m.
     LLC; ICON HOLDING COMPANY LLC;
23   ICON REAL ESTATE COMPANIES, INC.;
     ICON REAL ESTATE DEVELOPMENT,
24   LIMITED LIABILITY COMPANY; IPS II,
     LIMITED LIABILITY COMPANY; MARTIN
25   BARRETT; MARYELLEN BROWN;
     MERITAGE-GAYLER LIMITED LIABILITY
26   COMPANY; MORPHEUS ENTERPRISES,
     LLC; POLYRUS LIMITED LIABILITY
27   COMPANY; THE GAYLER FAMILY
     EDUCATIONAL, LLC; WALTER
28   LOERWALD a/k/a LEROY LOERWALD;

MAC:12089-001 1908924_1 2/26/2013 5:07 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

WILLIAM A. GAYLER d/b/a ICON REAL
ESTATE SERVICES; WILLIAM A. GAYLER,
as General Partner of TGF HOLDING LIMITED
PARTNERSHIP; WILLIAM A. GAYLER, as
Trustee of THE GAYLER 2001
IRREVOCABLE TRUST; WILLIAM A.
GAYLER, as Trustee of THE JAYDEN
KRISTOPHER GAYLER IRREVOCABLE
TRUST; WILLIAM A. GAYLER, as Trustee of
THE WILLIAM A. GAYLER SEPARATE
PROPERTY TRUST; WILLIAM GAYLER,
individually; DOES I–X and ROE
CORPORATIONS I–X, inclusive,

                        Defendants.

## TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF CLAIM FOR RELIEF NO. 18

David A. Rosenberg, the duly appointed Chapter 7 Trustee in the above-entitled bankruptcy case (hereinafter "Trustee"), by and through his counsel, Phillip S. Aurbach, Esq. and Jessica M. Goodey, Esq. of Marquis Aurbach Coffing, hereby moves this Court for partial summary judgment as to the Trustee's Claim for Relief No. 18—that Gayler is and was the alter ego of 23 Golden Sunray, LLC ("Motion"). This Motion is based upon the following Memorandum of Points and Authorities, the attached exhibits,[1] the entire case file and any oral argument this Court may wish to entertain.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 541 and Rule 1001(b)(2) of the Local Rules of Practice for the United States District Court for the State of Nevada. This action is a core proceeding under 28 U.S.C. § 157 and is brought pursuant to 11 U.S.C. §§ 105(a) and 541.

### II.    INTRODUCTION

The Trustee is entitled a partial summary judgment as to Claim No. 18 and a finding that 23 Golden Sunray, LLC ("Golden Sunray") is the alter ego of Gayler. At all times relevant,

---

[1] All references to exhibits refer to the exhibits attached to the Statement of Undisputed Facts ("Undisputed Facts") filed concurrently with this Motion.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:12089-001 1908924_1 2/26/2013 5:07 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Gayler owned and controlled Golden Sunray and utilized it, and its sole asset, for his personal use.  Gayler repeatedly commingled Golden Sunray funds with his own and with his other entities, such that adherence to the fiction of Golden Sunray will work an injustice on Gayler's creditors and the Estate.  As such, the Trustee requests that this Court find that Golden Sunray is the alter ego of Gayler.

### III.    STATEMENT OF FACTS

#### GOLDEN SUNRAY'S OWNERSHIP

Golden Sunray was formed in 2003, with Gayler, individually, as the manager.[2]  On August 25, 2004, a Quitclaim Deed was recorded related to the property located at 23 Golden Sunray Lane, Las Vegas, Nevada (the "Property"), which provides that Gayler was the sole member of Golden Sunray.[3]  Gayler's 100% interest, which Gayler held individually, in Golden Sunray was transferred to TGF.[4]  In July 2009, a letter was sent to the IRS indicating that Gayler individually was the 100% owner of Golden Sunray.[5]  On August 18, 2009, Gayler is identified as the Managing Member of Golden Sunray on the Annual List filed with the Nevada Secretary of State.[6]

#### THE PROPERTY

Golden Sunray held a single asset which was a "spec home" in Las Vegas, Nevada (the Property).[7]  Gayler obtained millions of dollars in **personal** loans from both Walter Loerwald ("Loerwald") and Martin Barrett ("Barrett"), among others, that he secured against the Property.[8]  Gayler defaulted on a Loerwald Note causing Loerwald to foreclose on the Note and

---

[2] See Undisputed Facts at ¶ 1.

[3] See Undisputed Facts at ¶ 2.

[4] See Undisputed Facts at ¶ 3.

[5] See Undisputed Facts at ¶ 4.

[6] See Undisputed Facts at ¶ 5.

[7] See Undisputed Facts at ¶ 6.

[8] See Undisputed Facts at ¶ 7.

MAC:12089-001 1908924_1 2/26/2013 5:07 PM

1    subsequently obtain the Property at the Trustee's sale on December 7, 2009 for a $500,000 credit

2    bid.[9]

3         By December 8, 2009, the Property was listed in Luxury Homes of Las Vegas

4    magazine.[10]   By December 10, 2009, the Property was also listed in the Multiple Listing

5    Service.[11]  On December 13, 2009, Gayler was still living at the Property.[12]  On a December 22,

6    2009 Residential Purchase Agreement ("RPA") for the Property, Gayler was listed as the seller.[13]

7    On January 29, 2010, Loerwald sold the Property for Seven Million Dollars ($7,000,000).[14]

8    From Loerwald's gross proceeds, Barrett was paid a total of $2,726,632.71 and Bob Luce was

9    paid $955,000 for the loans they made to Gayler.[15]   Loerwald netted $2,595,796.21 from the

10   sale.[16]  Thus, because of an alleged pre-bankruptcy default, Gayler (who owned 100% of 23

11   Golden Sunray, LLC) was able to successfully transfer $2,595,796.21 to Loerwald, in addition to

12   $2,726,632.71 to Barrett and $955,000 to Luce, for a total of $6,277,428.92 transferred outside

13   of the bankruptcy.[17]   On January 30, 2010, after the Brown's took possession of the Property,

14   Gayler, without the Brown's permission, disarmed the security system, entered the house, and

15   removed the Brown's possessions from the Property.[18]

---

[9] See Undisputed Facts at ¶ 8.

[10] See Undisputed Facts at ¶ 9.

[11] See Undisputed Facts at ¶ 10.

[12] See Undisputed Facts at ¶ 11.

[13] See Undisputed Facts at ¶ 12.

[14] See Undisputed Facts at ¶ 13.

[15] See Undisputed Facts at ¶ 14.

[16] See Undisputed Facts at ¶ 15.

[17] See Undisputed Facts at ¶ 16.

[18] See Undisputed Facts at ¶ 17.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:12089-001 1908924_1 2/26/2013 5:07 PM

**THE GOLDEN SUNRAY TRANSFERS**

Loerwald negotiated the sale of the Property with the subsequent buyers to include personal items in the Property that belonged to Golden Sunray.[19]  In order for Loerwald and the subsequent buyers to complete the deal including the personal items, Gayler stated, "to make the deal, they were going to have to give 23 Golden Sunray something."[20]  On January 30, 2013, the Court entered an order, finding that there is no genuine dispute as to the following facts:[21]

- On or about February 2, 2010, Golden Sunray received a cashier's check for $200,000, made payable to 23 Golden Sunray, LLC ("Golden Sunray Check"). The check specifies that it was for "art work, furniture, TV's, audio visual, etc." The check was endorsed by "Morpheus, William Gayler, Manager," and was deposited into Golden Sunray's bank account, identified as Nevada State Bank Acct. No. ending in 3249.[22]

- On February 2, 2010, Gayler made two transfers from Golden Sunray's bank account: one for $5,040.97 to a checking account on which Gayler is listed as a co-account holder, identified as Nevada State Bank Acct. No. ending in 2348 and another for $5,046.70 to a checking account on which Gayler is listed as the sole account holder, identified as Nevada State Bank Acct. No. ending in 2618.  Bank statements for both checking accounts reflect the deposits of the funds as a "credit line payment."[23]

- On February 3, 2010, Gayler withdrew $43,000 from Golden Sunray's account through an official check.[24]

- On February 3, 2010, Gayler transferred $25,000 from Golden Sunray's account to The Jayden Kristopher Gayler Irrevocable Living Trust ("Jayden Account"), identified as Nevada State Bank Acct. No. ending in 9123.   Gayler also transferred $18,000 from Golden Sunray's account to TGF's bank account.[25]

- On February 4, 2010, Gayler withdrew $25,000 from Golden Sunray's account.[26]

---

[19] See Undisputed Facts at ¶ 18.

[20] See Undisputed Facts at ¶ 19.

[21] See Undisputed Facts at ¶ 20.

[22] See Undisputed Facts at ¶ 20(a).

[23] See Undisputed Facts at ¶ 20(b).

[24] See Undisputed Facts at ¶ 20(c).

[25] See Undisputed Facts at ¶ 20(d).

[26] See Undisputed Facts at ¶ 20(e).

MAC:12089-001 1908924_1 2/26/2013 5:07 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

- On February 5, 2010, Gayler wrote a $25,000 check (no. 0091) from Golden Sunray's account to the William Gayler Irr Life Ins Trust.[27]

- On February 5, 2010, Gayler wrote a $25,000 check (no. 0092) from Golden Sunray's account to TGF.[28]

- On February 8, 2010, Gayler wrote a $9,200 check (no. 0093) from Golden Sunray's account to Brandyn Gayler and a $10,000 check (no. 0094) from Golden Sunray's account to Brianna Gayler.[29]

- On February 8, 2010, Gayler wrote a $10,050 check (no. 0095) from Golden Sunray's account to ICON Real Estate.[30]

- Gayler was either an owner or in control of TGF and the Jayden Account.[31]

Gayler admitted he received $200,000 post-bankruptcy for furniture and artwork owned by 23 Golden Sunray pre-bankruptcy.[32]    Additionally, when Gayler was asked, "[y]ou got [$200,000] individually…after your bankruptcy," Gayler answered "Correct."[33]   Gayler failed to identify how he spent the cash withdrawn from the above transactions by responding in his 2004 Examination, "I cannot tell you.  I have no idea.  Obviously I spent it."[34]   Gayler conceded that he used the money transferred and withdrawn in the February 2010 transactions above for his personal benefit by stating:

> Well, obviously we just got the $200,000.  And I didn't know how much money was coming in.  So I wanted to make sure the kids had some money. . . . And this one evidently borrowed money from the irrevocable life insurance trust. . . . And who knows why I needed $25,000 here.  *Like I said, I want to make sure that I could live for the next year.*[35]

---

[27] See Undisputed Facts at ¶ 20(f).

[28] See Undisputed Facts at ¶ 20(g).

[29] See Undisputed Facts at ¶ 20(h).

[30] See Undisputed Facts at ¶ 20(i).

[31] See Undisputed Facts at ¶ 20(j).

[32] See Undisputed Facts at ¶ 21.

[33] Id.

[34] See Undisputed Facts at ¶ 22.

[35] See Undisputed Facts at ¶ 23.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:12089-001 1908924_1 2/26/2013 5:07 PM

**THE $28,000 INSURANCE CHECK**

The Court's January 30, 2013 Order also found that there is no genuine dispute as to the following facts:[36]

- On January 25, 2010, Gayler deposited a $28,000 check from the American International Insurance Company, made payable to "William Gayler," into the Jayden Account.[37]

- On January 28, 2010, Gayler withdrew $17,000 from the Jayden Account.[38]

Gayler is the Trustee of The Jayden Kristopher Gayler Irrevocable Living Trust (the "Jayden Trust").[39]  Gayler is the authorized signer on the Jayden Irr. Trust Account.[40]  The Insurance Check was compensation for a claim related to damage to Golden Sunray's personal property.[41]  Gayler failed to give a reason as to why he did not deposit the Insurance Check into the Golden Sunray account.[42]

Gayler used the Jayden Account for his own personal benefit to pay personal expenses unrelated to the purpose of the Jayden Trust by stating that Jayden, his seven-year-old child, "chose to pay expenses for me" and "I'm its trustee.  I really could make any decision I wanted to until he becomes 21."[43]

**IV.    LEGAL ARGUMENT**

    **A.    SUMMARY JUDGMENT STANDARD.**

Pursuant to Fed. R. Bankr. P. 7056, Fed. R. Civ. P. 56 applies in adversary proceedings.  See Fed. R. Bankr. P. 7056.  Fed. R. Civ. P. 56(c) authorizes the Trustee to move for partial

---

[36] See Undisputed Facts at ¶ 24.

[37] See Undisputed Facts at ¶ 24(a).

[38] See Undisputed Facts at ¶ 24(b).

[39] See Undisputed Facts at ¶ 25.

[40] See Undisputed Facts at ¶ 26.

[41] See Undisputed Facts at ¶ 27.

[42] See Undisputed Facts at ¶ 28.

[43] See Undisputed Facts at ¶ 29.

MAC:12089-001 1908924_1 2/26/2013 5:07 PM

MARQUIS AURBACH COFFING

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

summary judgment, with or without supporting affidavits, where there is no genuine issue as to any material fact and the Trustee is entitled to judgment as a matter of law.  Anderson v. Liberty Lobby Inc., 477 U.S. 424, 247-258, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

However, once the Trustee meets his burden, Gayler is obliged to demonstrate specific facts showing the existence of a genuine issue for trial.  Kerzner International Limited v. Monarch Casino & Resort, Inc., 675 F.Supp.2d 1029, 1034 (citing Anderson, 477 U.S. at 248).  The summary judgment motion is not defeated by a showing of "some metaphysical doubt as to the material fact."  Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Summary judgment "is not a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole."  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

### B.    GOLDEN SUNRAY IS THE ALTER EGO OF GAYLER.

Under Nevada law, the question of whether a person acts as the alter ego of an entity must be determined by the court *as a matter of law*."  Nev. Rev. Stat. § 78.747(3) (2011).[44]  To show an alter ego relationship, the moving party must demonstrate by a preponderance of the evidence that: (1) the entity is influenced and governed by the person asserted to be its alter ego; (2) there is such unity of interest and ownership that one is inseparable from the other; and (3) the facts are such that adherence to the fiction of separate entity would, under the circumstances, sanction a fraud or promote injustice.  See Lorenz v. Beltio, Ltd., 114 Nev. 795, 807 (1998); In re Giampietro, 317 B.R. 841, 851 (Bankr.D.Nev.2004) (quoting Frank McCleary Cattle Co. v. Sewell, 73 Nev. 279, 282, 317 P.2d 957, 959 (Nev.1957)).

---

[44] While, Chapter 86 of the Nevada Revised Statutes, which governs limited liability companies, does not include an analogous section discussing the application of the alter ego doctrine, courts within the District of Nevada have treated limited liability companies the same way as corporations in applying the alter ego doctrine.  "Under Nevada law, as predicted by the bankruptcy court, the alter ego doctrine would be extended to apply to members of limited liability companies (LLCs) as well as to corporate shareholders; the varieties of fraud and injustice that the doctrine was designed to redress in corporations also can be exploited through LLCs."  In re Giampietro, 317 B.R. 841 (Bankr. D. Nev. 2004).  In another District of Nevada opinion, the court recognized that both state and federal courts in various jurisdictions consistently apply corporate alter ego laws to limited liability companies.  See Montgomery v. eTreppid Tech.'s, LLC, 548 F.Supp.2d 1175, 1180–81 (D. Nev. 2008).

MAC:12089-001 1908924_1 2/26/2013 5:07 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1.    **The Entity is Influenced and Governed by the Person Asserted to be Its Alter Ego.**

At all times relevant, Gayler was the 100% owner and in complete control of Golden Sunray.[45]  Specifically, Golden Sunray was formed in 2003, with Gayler, individually, as the manager.[46]  Gayler identified himself as the sole-owner of Golden Sunray, on August 25, 2004, when a Quitclaim Deed was recorded related to the property located at 23 Golden Sunray, Las Vegas, Nevada (the "Property"), which provides that Gayler was the sole member of Golden Sunray.[47]  Gayler is again identified as the 100% owner of Golden Sunray in July 2009, when a letter was sent to the IRS indicating that Gayler individually was the 100% owner of Golden Sunray.[48]  Likewise, on August 18, 2009, Gayler is identified as the Managing Member of Golden Sunray on the Annual List, filed with the Nevada Secretary of State.[49]  Moreover, even assuming the transfer of Gayler's 100% interest to TGF was valid,[50] this Court has already found that Gayler controls TGF.[51]  Thus, at all times relevant, Gayler owned and controlled Golden Sunray, such that the first element of an alter ego relationship is met.

2.    **Unity of Interest and Ownership.**

In determining whether there is unity of interest and ownership, the court should consider the following factors: (a) commingling of funds and other assets and failure to segregate funds of separate entities; (b) the treatment by an individual of the assets of the corporation as his own; (c) the disregard to legal formalities and the failure to maintain arm's length relationship among related entities; and (d) the diversion of assets from a corporation by or to a stockholder or other

---

[45] See Undisputed Facts at ¶¶ 1–5.

[46] See Undisputed Facts at ¶ 1.

[47] See Undisputed Facts at ¶ 2.

[48] See Undisputed Facts at ¶ 4.

[49] See Undisputed Facts at ¶ 5.

[50] See Undisputed Facts at ¶ 3.  Indeed, such transfer was a fraudulent transfer and must be set aside, as set forth in length in the Trustee's Motion for Partial Summary Judgment.  See Dkt# 317.

[51] See Undisputed Facts at ¶ 20(j).

person or entity, to the detriment of the creditors, or the manipulation of assets between entities so as to concentrate the assets in one and the liabilities in another." In re Schwarzkopf, 626 F.3d 1032, 1038 (9th Cir. 2010). Likewise, unity of interest can be shown when corporate "officers treat[] corporate funds as their own by making ad hoc withdrawals at the bank in the form of advances to themselves at a time when the corporation's debt …[is] not being paid." See In re Giampietro, 317 B.R. at 852 (internal citations and quotations omitted).

Here, Gayler repeatedly used Golden Sunray and its bank account in furtherance of his scheme to hide assets, defraud his creditors and ultimately defraud this Court and the Estate.[52] As this Court has already found, Gayler made repeated transfers from the Golden Sunray account to Gayler himself or to Gayler's other entities.[53] Specifically, on or about February 2, 2010, Golden Sunray received a cashier's check for $200,000, made payable to 23 Golden Sunray, LLC ("Golden Sunray Check").[54] The check specifies that it was for "art work, furniture, TV's, audio visual, etc."[55] The check was endorsed by "Morpheus, William Gayler, Manager," and was deposited into Golden Sunray's bank account, identified as Nevada State Bank Acct. No. ending in 3249.[56]

Also on February 2, 2010, Gayler made two transfers from Golden Sunray's bank account: one for $5,040.97 to a checking account on which Gayler is listed as a co-account holder, identified as Nevada State Bank Acct. No. ending in 2348 and another for $5,046.70 to a checking account on which Gayler is listed as the sole account holder, identified as Nevada State Bank Acct. No. ending in 2618.[57] Bank statements for both checking accounts reflect the

---

[52] See Undisputed Facts at ¶¶ 20–29.

[53] See Undisputed Facts at ¶ 20.

[54] See Undisputed Facts at ¶ 20(a).

[55] Id.

[56] Id.

[57] See Undisputed Facts at ¶ 20(b).

MAC:12089-001 1908924_1 2/26/2013 5:07 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

deposits of the funds as a "credit line payment."[58]  On February 3, 2010, Gayler withdrew $43,000 from Golden Sunray's account through an official check.[59]

On February 3, 2010, Gayler transferred $25,000 from Golden Sunray's account to The Jayden Kristopher Gayler Irrevocable Living Trust ("Jayden Account"), identified as Nevada State Bank Acct. No. ending in 9123.[60]  Gayler also transferred $18,000 from Golden Sunray's account to TGF's bank account.[61]  On February 4, 2010, Gayler withdrew $25,000 from Golden Sunray's account.[62]  On February 5, 2010, Gayler wrote a $25,000 check (no. 0091) from Golden Sunray's account to the William Gayler Irr Life Ins Trust.[63]  On February 5, 2010, Gayler wrote a $25,000 check (no. 0092) from Golden Sunray's account to TGF.[64]  On February 8, 2010, Gayler wrote a $9,200 check (no. 0093) from Golden Sunray's account to Brandyn Gayler and a $10,000 check (no. 0094) from Golden Sunray's account to Brianna Gayler.[65]  On February 8, 2010, Gayler wrote a $10,050 check (no. 0095) from Golden Sunray's account to ICON Real Estate.[66]

As can be seen by these transfers, Gayler used Golden Sunray, along with his other entities to filter money and to pay his personal expenses.  Gayler even admitted to using the proceeds of the $200,000 check to pay his personal expenses, boldly stating:

> Well, obviously we just got the $200,000.  And I didn't know how much money was coming in.  So I wanted to make sure the kids had some money. . . . And this one evidently borrowed money from the irrevocable life insurance trust. . . . And

---

[58] Id.

[59] See Undisputed Facts at ¶ 20(c).

[60] See Undisputed Facts at ¶ 20(d).

[61] Id.

[62] See Undisputed Facts at ¶ 20(e).

[63] See Undisputed Facts at ¶ 20(f).

[64] See Undisputed Facts at ¶ 20(g).

[65] See Undisputed Facts at ¶ 20(h).

[66] See Undisputed Facts at ¶ 20(i).

MAC:12089-001 1908924_1 2/26/2013 5:07 PM

1   who knows why I needed $25,000 here.  **Like I said, *I* want to make sure that *I* could live for the next year.**[67]

3   As further evidence of Gayler's commingling of funds and failure to keep himself and his entities separate, Gayler deposited a $28,000 check, which represented insurance proceeds for Golden Sunray's property, into the Jayden Account, which Gayler also controlled.[68]  To avoid impermissible commingling of funds, the Insurance Check must have been deposited into the Golden Sunray Account, but was instead deposited in the Jayden Account, from which Gayler paid his personal expenses.[69]

9   In yet another example of the alter ego relationship between Gayler and Golden Sunray, Gayler treated Golden Sunray's primary asset as his own.  More specifically, Gayler resided in the Property, even after the Property had been foreclosed on by his cohort,[70] Loerwald.[71]  Even the foreclosure process itself demonstrates the alter ego relationship.  Gayler obtained ***personal*** loans from both Loerwald and Barrett, among others, that he secured against the Property.[72]  Gayler defaulted on a Loerwald Note causing Loerwald to foreclose on the Note and obtain the Property at the Trustee's sale on December 7, 2009 for a $500,000 credit bid.[73]  On January 29, 2010, Loerwald sold the Property for Seven Million Dollars ($7,000,000).[74]  From Loerwald's gross proceeds, Barrett (Gayler's other cohort and perceived partner[75] in the Golden Sunray

---

[67] <u>See</u> Undisputed Facts at ¶ 23.

[68] <u>See</u> Undisputed Facts at ¶¶ 24–27.

[69] <u>See</u> Undisputed Facts at ¶ 29.

[70] <u>See</u> Undisputed Facts at ¶ 11; specifically **Exhibit 6** at ¶¶ 19 & 20.

[71] Indeed, the foreclosure process appeared to have involved Gayler, as the Property was advertised in a magazine one (1) day after the foreclosure sale occurred.  Because magazines are generally not compiled and printed in the same day, it appears Loerwald knew he would obtain the Property at a grossly inadequate price and attempt to make a quick profit.

[72] <u>See</u> Undisputed Facts at ¶ 7.

[73] <u>See</u> Undisputed Facts at ¶ 8.

[74] <u>See</u> Undisputed Facts at ¶ 13.

[75] <u>See</u> **Exhibit 6** at ¶ 51.

MAC:12089-001 1908924_1 2/26/2013 5:07 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

ownership) was paid a total of $2,726,632.71 and Bob Luce was paid $955,000 for the loans they made to Gayler.[76]  Loerwald netted $2,595,796.21 from the sale.[77]  Thus, because of an alleged pre-bankruptcy default, Gayler (who owned 100% of 23 Golden Sunray, LLC) was able to successfully transfer $2,595,796.21 to Loerwald, in addition to $2,726,632.71 to Barrett and $955,000 to Luce, for a total of $6,277,428.92 transferred outside of the bankruptcy.

The numerous transfers from the Golden Sunray account, coupled with the Insurance Check being deposited into the Jayden Account, and Gayler's monopolized use of the primary Golden Sunray asset demonstrates (a) commingling of funds and failure to segregate funds of separate entities; (b) the treatment by Golden Sunray's assets as Gayler's own; (c) the failure to maintain arm's length relationship among related entities; and (d) the diversion of corporate assets to Gayler and to Loerwald, Barrett and possibly others, to the detriment of the creditors. As such, the second element of an alter ego relationship has been met.

### 3.    Adherence to Fictional Entity Would Result in an Injustice.

It is incumbent upon the one seeking to pierce the corporate veil, to show by preponderance of the evidence, that the financial setup of the corporation is only a sham and caused injustice."  North Arlington Med. Bldg., Inc. v. Sanchez Const. Co., 86 Nev. 515, 522, 471 P.2d 240, 244 (1970).  However, it is not necessary for the plaintiff prove actual fraud. Indeed, it is enough if recognition of the two entities as separate would result in an injustice. McCleary Cattle Co., 317 P.2d 957 at 959.

Here, if Golden Sunray is treated as a separate entity, Gayler, Barrett and Loerwald will be successful in their attempts to defraud Gayler's creditors, this Court, and the Estate of millions of dollars.  More specifically, if Gayler is not held to be the alter ego of Golden Sunray, the Property, which was worth over $6 million to the Estate, will be allowed to change owners, ultimately benefitting Gayler, Barrett and Loerwald and depriving the creditors of any chance of recovery through the Estate.  Indeed, if Gayler is held to be the alter ego of Golden Sunray, then

---

[76] See Undisputed Facts at ¶ 14.

[77] See Undisputed Facts at ¶ 15.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

the entity must be disregarded and all assets held by Golden Sunray are therefore, property of Gayler.  Thus, the Property is property of the Estate.[78]  Given the circumstances and Gayler's blatant disregard of a separate entity, anything other than a finding of alter ego would work an injustice on the creditors and the Estate.

## V. **CONCLUSION**

As set forth above, Golden Sunray is the alter ego of Gayler.  Golden Sunray was, at all times, owned and controlled by Gayler.  Moreover, Gayler repeatedly commingled Golden Sunray's funds with his own and with his other entities.  Gayler was the only person to utilize Golden Sunray's sole asset, and was apparently complicit in the asset's diversion from Golden Sunray, which ultimately allowed Gayler and his cohorts to realize a multi-million profit.  If the fiction of Golden Sunray is upheld, the Court will be validating a scheme that defrauded Gayler's creditors.  As such, the Trustee is entitled a partial summary judgment as to Claim No. 18, and a finding that Golden Sunray is the alter ego of Gayler.  In the event the Court believes there are questions of fact, the Trustee respectfully requests that the Court enter specific findings of fact pursuant to Rule 56(f), such that the issues are narrowed for trial.

Dated this 26th day of February, 2013.

MARQUIS AURBACH COFFING


By /s/ Jessica M. Goodey
        Phillip S. Aurbach, Esq.
        Nevada Bar No. 1501
        Jessica M. Goodey, Esq.
        Nevada Bar No. 11973
        10001 Park Run Drive
        Las Vegas, Nevada  89145
        Attorneys for Chapter 7 Bankruptcy Trustee,
        David A. Rosenberg

---

[78] It appears that the Browns were bona fide purchasers, and therefore, the sale need not be set aside. Instead, upon a finding of alter ego, the Trustee would seek to recover the profits from the sale of the Property, from Barrett, Loerwald, Gayler and/or other responsible parties.  See 11 U.S.C. § 550.

MAC:12089-001 1908924_1 2/26/2013 5:07 PM