**Marquis Aurbach Coffing**                    E-Filed: <u>February 26, 2013</u>
Phillip S. Aurbach, Esq.
Nevada Bar No. 1501
Jessica M. Goodey, Esq.
Nevada Bar No. 11973
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
paurbach@maclaw.com
jgoodey@maclaw.com
  Attorneys for Chapter 7 Bankruptcy
  Trustee, David A. Rosenberg

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Case No.:    BK-S-09-31603-MKN |
| WILLIAM GAYLER, | Chapter:        7 |
| Debtor. | |

| | |
|---|---|
| DAVID A. ROSENBERG, Chapter 7 Trustee, | Adversary Proceeding No. 11-01410-MKN |
| Plaintiff, | |
| v. | |
| 23 GOLDEN SUNRAY, L.L.C.; ALTRA VIDA, L.L.C.; APAN WINE, LIMITED LIABILITY COMPANY; AXIOS-TC, LIMITED LIABILITY COMPANY; BYRON LEBOW, as Trustee of THE BYRON LEBOW REVOCABLE FAMILY TRUST; CH. ANGELUS LLC; CH. ANGELUS II LLC; CH. ANGELUS III, LIMITED LIABILITY COMPANY; CH. PICHON I, LLC; DOMINUS M-B, L.L.C.; EDWARD BROWN; GROTH LIMITED LIABILITY COMPANY; HARLAN, LLC; ICON HOLDING COMPANY LLC; ICON REAL ESTATE COMPANIES, INC.; ICON REAL ESTATE DEVELOPMENT, LIMITED LIABILITY COMPANY; IPS II, LIMITED LIABILITY COMPANY; MARTIN BARRETT; MARYELLEN BROWN; MERITAGE-GAYLER LIMITED LIABILITY COMPANY; MORPHEUS ENTERPRISES, LLC; POLYRUS LIMITED LIABILITY COMPANY; THE GAYLER FAMILY EDUCATIONAL, LLC; WALTER LOERWALD a/k/a LEROY LOERWALD; | **TRUSTEE'S MOTION TO SET ASIDE/VACATE, OR IN THE ALTERNATIVE, TO RECONSIDER**<br><br>Hearing Date:  April 22, 2013<br>Hearing Time:  1:30 p.m. |

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:12089-001 1908909_1 2/26/2013 6:02 PM

1  WILLIAM A. GAYLER d/b/a ICON REAL
   ESTATE SERVICES; WILLIAM A. GAYLER,
2  as General Partner of TGF HOLDING LIMITED
   PARTNERSHIP; WILLIAM A. GAYLER, as
3  Trustee of THE GAYLER 2001
   IRREVOCABLE TRUST; WILLIAM A.
4  GAYLER, as Trustee of THE JAYDEN
   KRISTOPHER GAYLER IRREVOCABLE
5  TRUST; WILLIAM A. GAYLER, as Trustee of
   THE WILLIAM A. GAYLER SEPARATE
6  PROPERTY TRUST; WILLIAM GAYLER,
   individually; DOES I–X and ROE
7  CORPORATIONS I–X, inclusive,

8                              Defendants.

9

10  **TRUSTEE'S MOTION TO SET ASIDE/VACATE,
    OR IN THE ALTERNATIVE, TO RECONSIDER**

11          David A. Rosenberg, the duly appointed Chapter 7 Trustee in the above-entitled

12  bankruptcy case (hereinafter "Trustee"), by and through his counsel, Phillip S. Aurbach, Esq. and

13  Jessica M. Goodey, Esq. of Marquis Aurbach Coffing, hereby moves this Court for an order to

14  set aside or vacate the ruling on Barrett's Motion to Dismiss, or in the alternative, the Trustee

15  requests this Court reconsider its ruling on Barrett's Motion to Dismiss.   Additionally, the

16  Trustee requests an order of the Court setting aside the portion of the ruling on the Gayler

17  Defendant's Motion to Dismiss relating to Claims for Relief 28, 29 and 30.  This Motion is based

18  upon the following Memorandum of Points and Authorities, the attached exhibits, the entire case

19  file and any oral argument this Court may wish to entertain.

20                          **MEMORANDUM OF POINTS AND AUTHORITIES**

21  **I.      INTRODUCTION**

22          On November 30, 2012, this Court entered an Order dismissing Defendant Martin Barrett

23  ("Barrett") for failure to state a claim in Claims for Relief 28 and 29 (Dkt# 257) (the "Order").

24  The Order is now being relied upon by Walter Loerwald ("Loerwald") in an attempt to join

25  Barrett in escaping culpability for their actions in defrauding the Estate and Gayler's creditors.

26  See Dkt# 299.  However, the Order must be vacated, based upon the Court's recent finding that

27  Gayler owned or controlled TGF (Dkt# 305), which supports a finding of an alter ego

28  relationship between Golden Sunray and Gayler.   Upon a finding of such an alter ego

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:12089-001 1908909_1 2/26/2013 6:02 PM

relationship, the Golden Sunray Property becomes property of the Estate, such that the Trustee may proceed with his claim against Barrett for post-petition and fraudulent transfer of Estate property. As such, the Order must be set aside to allow the Trustee to recover millions of dollars of Estate property fraudulently transferred to Barrett.

On October 25, 2012, the Court also dismissed Claims for Relief 28, 29 and 30 as to the Gayler Defendants, based upon the same finding supporting Barrett's Motion to Dismiss (that the Golden Sunray Property is not property of the Estate) (Dkt# 227) (the "October 25, 2012 Order"). The Trustee also seeks to set aside the portion of the October 25, 2012 Order that relates to Claims for Relief 28, 29 and 30 as to the Gayler Defendants. The October 25, 2012 Order also dismissed various other claims against the Gayler Defendants, while declining to dismiss other various claims. The Trustee is not seeking to vacate or set aside any other rulings contained in the October 25, 2012 Order.

## II.    **STATEMENT OF FACTS**

The following five undisputed facts are relevant to the instant Motion:

1.      On October 25, 2012, this Court entered an Order dismissing Claims 28, 29 and 30 as to the Gayler Defendants (Dkt # 227).

2.      On November 30, 2012, this Court entered an Order dismissing Defendant Martin Barrett (the "Order") (Dkt# 257).

3.      On January 30, 2013, the Court found that it is undisputed that Gayler owns or controls TGF Holdings, LP ("TGF") (Dkt# 305).

4.      TGF owns 100% of 23 Golden Sunray, LLC ("Golden Sunray"). (Dkt# 105).

5.      At the time of the filing of the Involuntary Petition (the "Petition") Golden Sunray owned a piece of real property located at 23 Golden Sunray Lane, Las Vegas, Nevada (the "Property").[1]

---

[1] See Statement of Undisputed Facts in Support of Trustee's Motion for Partial Summary Judgment as to Claim for Relief No. 18, filed concurrently herewith ("Undisputed Facts") at ¶ 6.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Additionally, the Trustee repeats and incorporates all undisputed facts set forth in the Trustee's Motion for Summary Judgment as to Claim No. 18 and the Trustee's Opposition to Loerwald's Motion for Judgment on the Pleadings, filed concurrently herewith.

### III.    LEGAL ARGUMENT

#### A.    STANDARD FOR RELIEF FROM ORDER

After ruling on and entering a dismissal order, bankruptcy courts have the equitable power to revisit the order by way of reconsideration. *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.),* 503 F.3d 933, 940 (9th Cir. 2007). This equitable power has been formalized in Rule 9024, which makes Federal Rule of Civil Procedure 60(b) applicable in cases under the Code. *Id.; see also In re AVI, Inc.*, 389 B.R. 721, 729-30 (B.A.P. 9th Cir. 2008). The Ninth Circuit has observed that the court's discretion to revisit past orders is broad in the absence of "vested" rights. *Int'l Fibercom*, 503 F.3d at 944. Moreover, FRCP 60(b) conditions all relief on "such terms as are just" which is understood to implicate equitable principles. *In re AVI*, 389 B.R. at 730. The application of equitable principles includes the question whether intervening equities make relief inappropriate, which is often couched in terms of whether "prejudice" would result from granting relief. *Id.* at nn. 5–6.

Thus, in applying the conventional Rule 60 analysis, the first question is whether the motion was brought within a "reasonable" time, which must not be more than one year following the entry of the order. *Id*; *see also* FRCP 60(c). The next question is whether intervening equities make vacating the dismissal inappropriate. *Id.*

Here, the Motion was brought within a "reasonable time." Specifically, the Order was entered November 30, 2012, and the instant Motion is filed less than three (3) months since the entry of the Order—well before the one-year period. Additionally, the basis for bringing the instant Motion—the Court's finding that Gayler owned or was in control of TGF—was entered on January 30, 2013 (Dkt# 305). Thus, the instant Motion is brought less than thirty (30) days after the basis for the Motion arose. As such, the Motion was brought within a reasonable time.

As it pertains to the second part of the Court's analysis—whether prejudice will result from vacating the dismissal—a review of the circumstances demonstrates that Barrett will not be

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:12089-001 1908909_1 2/26/2013 6:02 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  prejudiced by a vacation of the dismissal.  Indeed, the opposite is true, in that if the dismissal is

2  not vacated, the Estate and the creditors will suffer extreme prejudice, as Barrett will have

3  escaped liability for his actions which resulted in the Estate and the creditors losing millions of

4  dollars in equity of the Property.[2]  The Estate and the creditors will suffer more prejudice, as the

5  Order, which was entered prior to a finding that Gayler was in control of TGF, which is the

6  current owner of Golden Sunray, is being relied upon by Loerwald to support the dismissal of

7  Loerwald, such that neither the Estate nor the creditors can recover the millions of dollars that

8  were transferred to Loerwald through the foreclosure of the Property.[3]  Barrett, on the other

9  hand, will suffer no prejudice, as trial has not yet occurred, and therefore, Barrett may still

10  actively participate in the litigation and defend the claims against him.  This is further supported

11  by the fact that Barrett is represented by the same counsel representing Loerwald, such that

12  Barrett's counsel is fully apprised of the proceedings and has been able to participate in all

13  discovery that has occurred since Barrett's dismissal.[4]  As such, Barrett will not be prejudiced by

14  the vacation of the dismissal, such that the Order must be set aside based upon the Court's recent

15  finding that Gayler is in control of TGF.  The same analysis applies to any alleged prejudice by

16  the Gayler Defendants, as the Gayler Defendants have continued to be active parties in the

17  litigation, and therefore will suffer no prejudice.

18  **B.    THE ORDER MUST BE SET ASIDE BECAUSE THE PROPERTY WILL**
        **BE PROPERTY OF THE ESTATE UPON A FINDING OF AN ALTER**
19      **EGO RELATIONSHIP BETWEEN GAYLER AND GOLDEN SUNRAY.**

20        A finding that Golden Sunray is alter ego of Gayler means that Gayler and Golden

21  Sunray are the same entity.  Additionally, because the assets of an alter ego are essentially the

22  assets of the bankruptcy estate, it is fair to allow the trustee to pursue those assets.  *Towe v.*

23  *Martinson*, 195 B.R. 137, 141 (D. Mont. 1996).  Thus, upon a finding of an alter ego relationship

24

25  [2] *See generally* Dkt# 80 (Claims 28, 29 and 30).

26  [3] *See* Dkt# 299.

27  [4] Indeed, outside of Loerwald's first supplemental disclosure, and a small supplemental production of
    documents by the Trustee, little additional discovery has occurred since Barrett was dismissed.

28

MAC:12089-001 1908909_1 2/26/2013 6:02 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

between Golden Sunray and Gayler, any assets held by Golden Sunray can be found to have been held by Gayler personally, including, but not limited to, the Property.

At the time of the Order, the Court had not been briefed on the issue of Gayler's control of the various entities.  However, upon the Trustee's discovery of such evidence and the filing of the Motion for Partial Summary Judgment pursuant to 11 U.S.C. § 727, the Court determined that there is no dispute that Gayler was the owner or in control of TGF. (Dkt# 305 at 5:21–6:3). Moreover, at all relevant times, TGF was the manager of 23 Golden Sunray. *Id.*

This new finding supports the Trustee's claim that Golden Sunray is the alter ego Gayler, as set forth in the Trustee's Motion for Partial Summary Judgment as to Claim No. 18, filed concurrently herewith.  More specifically, the Property was held by Golden Sunray at the time of the filing of the Petition.  Golden Sunray was owned 100% by TGF.  Thus, upon a finding of an alter ego relationship, Golden Sunray and Gayler will be deemed to be the same entity, and therefore, the Property will be deemed to be property of Gayler at the time of the filing of the Petition.  Thus, the Trustee may pursue Barrett, Loerwald and Gayler to recover the millions of dollars they received as a result of the "friendly" foreclosure proceeding.[5]  Accordingly, upon such a finding, the Trustee's 28th, 29th and 30th claims for relief adequately state a valid claim against both Barrett and Loerwald (i.e., claims for fraudulent and post-petition transfers).  As such, the Court's ruling that the Trustee did not state a valid claim is in error and must be set aside and/or vacated.

## IV.    **CONCLUSION**

Based upon the Court's recent ruling that Gayler owned or was in control of TGF (which owns Golden Sunray), the Order dismissing Barrett for failure to state a claim must be set aside as it is now in error.  Indeed, if the Court finds an alter ego relationship between Golden Sunray and Gayler (as set forth in the Motion for Summary Judgment, filed concurrently herewith), the Property becomes property of the Estate, such that the Trustee has a valid claim against Barrett and Gayler for fraudulent and post-petition transfer of Estate assets.  The instant Motion is timely

---

[5] *See* 11 U.S.C. §§ 548–550.

MAC:12089-001 1908909_1 2/26/2013 6:02 PM

filed and neither Barrett nor Gayler will suffer prejudice as a result of the vacation.  As such, the Trustee respectfully requests that the Order (Dkt. # 257) be set aside and/or vacated. Additionally, the Trustee respectfully requests that the portion of the October 25, 2012 Order (Dkt. # 227) dismissing Claims 28, 29 and 30 as to the Gayler Defendants be set aside and/or vacated.

Dated this 26th day of February, 2013.

MARQUIS AURBACH COFFING

By /s/ Jessica M. Goodey
    Phillip S. Aurbach, Esq.
    Nevada Bar No. 1501
    Jessica M. Goodey, Esq.
    Nevada Bar No. 11973
    10001 Park Run Drive
    Las Vegas, Nevada  89145
    Attorneys for Chapter 7 Bankruptcy Trustee,
    David A. Rosenberg

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:12089-001 1908909_1 2/26/2013 6:02 PM